JOURNAL ENTRY AND OPINION
{¶ 1} Defendant Angelique Austin appeals from her guilty pleas to theft and receiving stolen property. For the reasons set forth below, we affirm.
 {¶ 2} On July 26, 2003, defendant and co-defendant Ebony Foster were indicted pursuant to a five-count indictment. Count One charged defendants with receiving stolen property and alleged that they "did receive, retain or dispose of checks, the property of Gordon McGinnis * * * *." (Emphasis added). Counts Two and Three charged defendants with forgery and uttering. Count Four charged defendants with theft and alleged that they "by deception obtained or exerted control over money, with the purpose to deprive the owner, Gordon McGinnis and/or Charter One Bank of said property * * *." (Emphasis added). Count Five charged defendant with tampering with evidence. Defendant pled not guilty to the charges. Thereafter, on November 17, 2003, defendant entered guilty pleas to Count One and Count Four, and the remaining charges were dismissed. The trial court determined that a sentence of imprisonment was consistent with the purposes of R.C. 2929.11 and sentenced defendant to two consecutive twelve month terms of incarceration. Defendant now appeals and assigns three errors for our review.
 {¶ 3} Defendant's first assignment of error states:
 {¶ 4} "The trial court erred when it ordered consecutive sentences without furnishing the necessary findings and reasons required by R.C. 2929.14(E)(4) and R.C. 2929.19(B)(2)."
 {¶ 5} Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive sentences for convictions of multiple offenses only after it makes three determinations: (1) that consecutive sentences are necessary to protect the public from future crime or to punish the offender; (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) if the court also finds any of the following:
 {¶ 6} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 7} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 8} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 9} R.C. 2929.14(E)(4). See, also, State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473.
 {¶ 10} When a trial court imposes consecutive sentences under R.C. 2929.14, it must also comply with R.C. 2929.19(B)(2)(c), which requires that the court "make a finding that gives its reasons for selecting the sentences imposed." The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). Comer, supra. See, also, Statev. O'Neal, Cuyahgoa App. No. 83393, 2004-Ohio-2862.
 {¶ 11} In this matter, the trial court noted that defendant was on probation in the federal court system and that the defendant's "criminal history is so extensive that it would take at least half an hour to read all ten pages of it containing the PSI into the record." (Tr. 18).
 {¶ 12} The court then stated:
 {¶ 13} "Over the course of your life you have cost innocent citizens thousands of dollars in theft-related charges. You appear to be pathological in that regard. These are not crimes as you just indicated to put food on your table. Ringing up $19,000 on credit cards you are not just committing a simple type of crime. This is something more serious.
 {¶ 14} "Miss Austin, you seem to have an uncontrollable problem where you cannot stop yourself from taking other's property. Therefore I find that you would not be amenable, after considering the seriousness and recidivism factors, to a term of community control. Further, I find that you served a prior prison term before, and I further find that the maximum consecutive sentences are necessary in order to protect the public from future crimes. You cannot stop stealing.
 {¶ 15} "In this case, you violated the trust of a home owner. You took his checks, caused him financial loss but also loss of peace of mind, loss of time and having to rectify the damage you've done to him. He had to have his locks changed. * * *
 {¶ 16} "Your criminal history demonstrates that consecutive terms are needed to protect the public. Additionally, the longest term is necessary because you pose the greatest likelihood of committing future crimes. It is indeed a rare day that we see a defendant with a history of thievery such as yours. You are virtually guaranteed to commit future crimes against the public, and therefore, it is my duty to protect the public as long as possible legally from your future actions." (Tr.19-21).
 {¶ 17} This record adequately demonstrates that the trial court complied with the requisite statutes in fashioning defendant's sentence. The court determined that consecutive sentences are necessary to protect the public from future crime or to punish the offender, that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and that defendant was on probation in the federal court system.
 {¶ 18} Accordingly, this assignment of error is without merit.
 {¶ 19} Defendant's second assignment of error states:
 {¶ 20} "Counts one and four — theft and receiving stolen property — should have merged for purposes of sentencing; as such, the imposition of a term of incarceration on both counts is contrary to law."
 {¶ 21} Within this assignment of error, defendant maintains that her convictions for theft and receiving stolen property should have been merged at the time of sentencing because these offenses are allied offenses of similar import.
 {¶ 22} R.C. 2941.25 provides:
 {¶ 23} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 24} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 25} In State v. Blankenship (1988), 38 Ohio St.3d 116,117, 526 N.E.2d 816, the Supreme Court stated:
 {¶ 26} "If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses."
 {¶ 27} R.C. 2913.02(A) defines "theft" as follows:
 {¶ 28} "No person, with purpose to deprive the owner of property * * *, shall knowingly obtain or exert control over * * * the property * * * in any of the following ways:
 {¶ 29} "(1) Without the consent of the owner or person authorized to give consent;
 {¶ 30} "* * *
 {¶ 31} "(3) By deception[.]"
 {¶ 32} Receiving stolen property is defined in R.C. 2913.51, as follows:
 {¶ 33} "(A) No person shall receive, retain, or dispose of property of another knowing or having reasonable cause to believe that the property has been obtained through commission of a theft offense."
 {¶ 34} Ohio courts have held that receiving stolen property and grand theft are allied offenses of similar import. State v.Bryant (December 26, 1996), Summit App. No. 17618, unreported;State v. Stone (1990), 69 Ohio App.3d 383, 390,590 N.E.2d 1283.
 {¶ 35} A defendant may be convicted of both offenses, however, if they were committed separately or if there was a separate animus for each offense. State v. Blankenship, supra.
 {¶ 36} In State v. Coats (March 30, 1999), Franklin App. No. 98AP-927, the Court held:
 {¶ 37} "Under ordinary circumstances, receiving stolen property and theft of the same property are generally allied offenses of similar import, committed with an identical animus during a single transaction; thus, a conviction and sentence for receiving stolen property would normally merge into one for theft of the same property. Obviously, at the same time a thief steals property, the thief is generally in receipt of that property and knows that it was stolen. Thus, an offender such as appellant who steals a check also necessarily receives the stolen check. In contrast, the receiving stolen property statute contemplates as its targeted offender not the thief but someone who is simply in receipt of and/or has disposed of the stolen property. Therefore, under the facts presented here, appellant's conviction and sentence for receiving the stolen check or checkbook would typically merge into the theft of the identicalproperty. * * * *." (Emphasis added). In this matter, however, defendant pled guilty to receiving stolen property, i.e.,"checks, the property of Gordon McGinnis" and the theft ofmoney. The record indicates that defendant and her co-defendant stole the victim's checks, and then cashed some of them. (Tr.14). The record therefore indicates that there were two separate transactions; the offenses were committed separately, and with a separate animus. There is nothing in the record to suggest that these counts involve identical property, or that the offenses were committed as a single transaction with a single animus. Accordingly, this assignment of error is without merit.
 {¶ 38} Defendant's third assignment of error states:
 {¶ 39} "The trial court failed to make a finding that the defendant's sentence is consistent with similarly situated offenders."
 {¶ 40} Defendant next complains that her sentence is contrary to law because the trial court did not ensure that it is consistent with sentences imposed upon other similarly situated offenders.
 {¶ 41} R.C. 2929.11(B) reads as follows:
 {¶ 42} "A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 43} The goal of felony sentencing pursuant to R.C.2929.11(B) is to achieve "consistency" not "uniformity." Statev. Klepatzki, Cuyahoga App. No. 81676, 2003-0hio-1529.
 {¶ 44} Moreover, the court is not required to make express findings that the sentence is consistent with to other similarly situated offenders. State v. Richards, Cuyahoga App. No. 83696, 2004-Ohio-4633; State v. Harris, Cuyahoga App. No. 83288,2004-Ohio-2854.
 {¶ 45} Rather, the statute indicates the trial court's comments made at the hearing should reflect that the court considered that aspect of the statutory purpose in fashioning the appropriate sentence. State v. Harris, Cuyahoga App. No. 83288,2004-Ohio-2854, citing State v. Edmonson, 86 Ohio St.3d 324 at 326-327, 1999-Ohio-110. This court has also determined that in order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal.State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700.
 {¶ 46} In this matter, defendant offered no evidence to the trial court or to this court which would indicate that her sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses. In addition, there is nothing in this record that would indicate that the court-imposed sentence is either inconsistent with or disproportionate to sentences that have been imposed on similar offenders who have committed similar offenses. The trial court imposed a proper sentence which was commensurate with the seriousness of the offense, the gravity of its impact upon the victim, and the fact that defendant has, by her trial counsel's own admission, a "horrible history." (Tr. 13). No disproportionality has been shown. This assignment of error is without merit.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Corrigan, A.J., and McMonagle, J., Concurs in part and Concursin Judgment only in part.
 CONCURRING OPINION