JOURNAL ENTRY AND OPINION
{¶ 1} Appellant Vernon Edwards appeals the sentence he received for his guilty plea to two counts of gross sexual imposition. He assigns the following two errors for our review:
 "I. The trial judge erred in sentencing the appellant to an eight year prison term based upon uncharged offenses."
 "II. The trial court erred by failing to conduct a proportionality review in determining consecutive sentences to be appropriate."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Edwards' sentence. The apposite facts follow.
 {¶ 3} The Cuyahoga County Grand Jury indicted Edwards on four counts of gross sexual imposition against a minor under the age of thirteen years. The charges arose from Edwards inappropriately touching his niece. Edwards entered into a plea in which he pled guilty to two of the counts with the remaining counts nolled in exchange for his stipulation to being a sexual predator. The trial court sentenced Edwards to four consecutive years in prison on each count for a total of eight years.
 Sentence Based on Uncharged Offenses {¶ 4} In his first assigned error, Edwards contends the court relied upon uncharged offenses of other sexual conduct against minors when sentencing Edwards. We conclude no error occurred.
 {¶ 5} At the sentencing hearing, it was revealed that Edwards had molested several other nieces. However, due to the expiration of the statute of limitations, charges were never brought regarding the other nieces. *Page 3 
 {¶ 6} In State v. Cook[1] this court, citing to State v.Bundy,[2] rejected this identical challenge, stating:
 "`A court may consider a defendant's uncharged yet undisputed conduct when determining an appropriate sentence. State v Scheer, 158 Ohio App.3d 432, 2004-Ohio-4792, 816 N.E.2d 602, citing State v. Steward, 4th Dist. No. 02CA43, 2003-Ohio-4082; State v. Shahan, 4th Dist. No. 02CA63, 2003-Ohio-6945 (stating that as in sentencing hearings, the Rules of Evidence do not apply to sexual predator determination hearings, so the trial court may consider reliable hearsay contained in a PSI.)
 "Likewise, unindicted acts or not guilty verdicts can be considered in sentencing without resulting in error when they are not the sole basis for the sentence. State v. Williams, Cuyahoga App. No. 79273, 2002-Ohio-503.'"[3]
 {¶ 7} In the instant case, the uncharged conduct was not the sole basis for the sentence. When sentencing Edwards, the trial court stressed that the harm to the victim would last forever and that the victims included not just the victim of sexual abuse, but her family, and Edwards' family. Moreover, in mentioning that Edwards also abused other family members for which he was not charged, the court was considering Edwards likelihood of recidivism pursuant to R.C.2929.12(D). R.C. 2929.12 expressly provides that the trial court shall consider certain seriousness and recidivism factors and, in addition, "may consider any other factors that are relevant *Page 4 
to achieving [the] purposes and principles of sentencing."[4]
Accordingly, Edwards' first assigned error is overruled.
 Failure to Conduct Proportionality Review {¶ 8} In his second assigned error, Edwards contends the trial court failed to conduct a proportionality review pursuant to R.C. 2929.11 in determining whether consecutive sentences were appropriate. We disagree.
 {¶ 9} R.C. 2929.11(B) states:
 "(B) A sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in division (A) of this section, commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 10} This court has previously recognized that R.C. 2929.11 does not require a trial court to make findings on the record, but rather it sets forth objectives for sentencing courts to achieve.[5] Therefore, the trial court did not err by failing to set forth its findings pursuant to R.C. 2929.11.
 {¶ 11} We have also found that in order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, *Page 5 
however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal.[6] Edwards did not raise in the trial court that his sentence was disproportionate to sentences given to other offenders with similar records, who have committed the same offense. Nor did he present evidence as to what a "proportionate sentence" might be. Therefore, he has not preserved the issue for appeal. Accordingly, Edwards' second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA ANN BLACKMON, JUDGE
JAMES J. SWEENEY, P.J., and ANN DYKE, J., CONCUR
[1] Cuyahoga App. No. 87265, 2007-Ohio-625.
[2] 7th Dist. No. 02 CA 211, 2005-Ohio-3310,1HJ85, 86.
[3] Cook, supra at fflf 69, 70. See, also, State v. Park, 3rd Dist. No. 2-06-14, 2007-Ohio-1084; State v.Bartholomew, 3rd Dist. No. 3-06-16, 2007-Ohio-3130;State v. Brewer, 2nd Dist. No. 02CA0057, 2004-Ohio-3397;State v. Stambolia, 11th Dist. No. 2003-T-0053; State v.Byrd, 12th Dist. No. CA2001-02-0012, 2003-Ohio-511.
[4] State v. Swank, Cuyahoga App. No. 83512, 2004-Ohio-3612. See, also, State v. Frankos (Aug. 23, 2001), Cuyahoga App. No. 78072.
[5] State v. Oko, Cuyahoga App. No. 87539, 2007-Ohio-538; State v.Dawson, Cuyahoga App. No. 86417, 2006-Ohio-1083; State v.Georgakopoulos, Cuyahoga App. No. 81934, 2003-Ohio-4341; State v.Bolton, Cuyahoga App. No. 80263, 2002-Ohio-4571.
[6] State v. Nettles, Cuyahoga App. No. 85637, 2005-Ohio-4990;State v. Woods, Cuyahoga App. No. 82789, 2004-Ohio-2700; State v.Mercado, Cuyahoga App. No. 84559, 2005-Ohio-3429; State v. Breeden, Cuyahoga App. No. 84663, 2005-Ohio-510; State v. Austin, Cuyahoga App. No. 84142, 2004-Ohio-5736. *Page 1