[Cite as *State v. Flagg*, 2011-Ohio-5386.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
Nos. 95958 and 95986

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DAKOTA FLAGG

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-509845 and CR-509831

BEFORE:   E. Gallagher, J., S. Gallagher, P.J., and Keough, J.

RELEASED AND JOURNALIZED:   October 20, 2011
**ATTORNEYS FOR APPELLANT**

Robert Tobik
Chief Public Defender
John T. Martin
Assistant Public Defender
310 Lakeside Avenue
Suite 400
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Daniel T. Van
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant, Dakota Flagg, appeals his sentence from the Cuyahoga County Court of Common Pleas.   Appellant argues that the trial court erred by failing to merge certain counts as allied offenses at his resentencing; that his sentence constitutes cruel and unusual punishment; that his sentence is disproportionate to, and inconsistent with, sentences imposed upon similarly situated defendants; and that the trial court failed to make necessary findings prior to imposing consecutive sentences.

For the following reasons we affirm the judgment of the trial court.

{¶ 2} The facts of this case were previously set forth by this court in *State v. Flagg*, Cuyahoga App. Nos. 93248 and 93279, 2010-Ohio-4247 (*Flagg I*), as follows:

"On December 10, 2007, Flagg, age 15, robbed a Marathon gas station located at 5321 Lee Road, in Maple Heights, Ohio. While committing this robbery, he shot and killed the owner of the gas station, Mohammad Khan (Khan). Flagg was positively identified by a gas station employee, Mohammad Rahman (Rahman), who was present when Khan was killed. Additionally, Flagg's DNA was found on a live round of ammunition at the crime scene.

On December 28, 2007, Flagg and an accomplice, Andre Dotson, robbed the Family Dollar Store located at 17000 Broadway Avenue, in Maple Heights, Ohio. Flagg was apprehended by Maple Heights police after a brief foot chase. When apprehended, Flagg was holding a loaded 9mm gun in one hand and a bullet in the other. An investigation and analysis of the gun by the Ohio Bureau of Criminal Investigation (BCI) revealed it was the same weapon used to kill Mohammad Khan on December 10, 2007. Based upon this forensic evidence and the subsequent DNA evidence implicating Flagg, he became the primary suspect in the gas station robbery and murder.

On January 24, 2008, the State filed delinquency proceedings against Flagg in the Cuyahoga County Juvenile Court, Case No. 07111688, stemming from the aggravated robbery of the Family Dollar Store.

That same day, the State filed delinquency proceedings against Flagg, Case No. 08121060, for the aggravated robbery and aggravated murder of Khan.

On February 14, 2008, the juvenile court conducted a joint probable cause hearing and found that probable cause existed to find Flagg delinquent in both cases. The court remanded Flagg to the juvenile detention center and ordered the Court Psychiatric Clinic to conduct physical and mental examinations with social history to aid the court in its determination at the amenability hearing.

On April 8, 2008, the juvenile court conducted a joint amenability hearing and found that Flagg was not amenable to rehabilitation or care in the juvenile justice

system. That same day, the court issued an order binding Flagg over to the general division of the common pleas court for the aggravated murder of Kahn and aggravated robbery at the Marathon gas station.

On April 9, 2008, the juvenile court issued an order binding Flagg over to the general division of the common pleas court to face kidnapping and aggravated robbery charges stemming from the Family Dollar Store incident.

On April 23, 2008, a Cuyahoga County Grand Jury indicted Flagg in two separate cases. In CR-509831, Flagg was indicted on two counts of aggravated murder, unclassified felonies, in violation of R.C. 2903.01(A) and (B); four counts of aggravated robbery, first degree felonies, in violation of R.C. 2911.01(A)(1) and (A)(3); and one count of kidnapping, a first degree felony, in violation of R.C. 2905.01(A)(2) and/or (A)(3). Each count carried one- and three-year firearm specifications, in violation of R.C. 2941.141 and 2941.145, stemming from the December 10, 2007 Marathon gas station incident.

In CR-509845, Flagg was charged with eight counts of aggravated robbery, in violation of R.C. 2911.01(A)(1) and 2911.01(A)(3), and four counts of kidnapping, in violation of R.C. 2905.01(A)(2) and/or (A)(3). Each count contained one- and three-year firearm specifications, in violation of R.C. 2941.141 and R.C. 2941.145, and a forfeiture specification, in violation of R.C. 2941.147. Flagg was also charged with one count of carrying a concealed weapon, a fourth degree felony, in violation of R.C. 2923.12(A)(2), stemming from the December 28, 2007 Family Dollar Store incident.

On March 10, 2009, Flagg pled guilty to all charges in each indictment.

On April 9, 2009, the trial court sentenced Flagg to life imprisonment with the possibility of parole after 42 years in CR-509831 and CR-509845." Id.

{¶ 3} Appellant appealed his sentence and convictions in *Flagg I*, asserting that the juvenile court erred in determining that he was not amenable to rehabilitation in the juvenile justice system and binding him over to be tried as an adult, and that the trial court erred in failing to merge certain counts as allied offenses. Specifically, appellant

argued that his kidnapping counts in CR-509831 and CR-509845 should have merged as allied offenses with their corresponding aggravated robbery counts. We sustained appellant's allied offense assignment of error, upholding appellant's convictions but vacating his sentences in both cases due to the trial court's failure to merge the kidnapping charges with their corresponding aggravated robbery counts. We further rejected appellant's challenges to his amenability determination and remanded both cases to the trial court for the limited purpose of resentencing.

{¶ 4} The trial court conducted a resentencing hearing on October 5, 2010. In each case the trial court found that a prison term was consistent with the purposes of R.C. 2929.11. In CR-509831, appellant was sentenced to an aggregate sentence of 33 years to life after the trial court merged appellant's two aggravated murder counts (Counts 1 and 2), two aggravated robbery counts (Counts 3 and 4), two counts of aggravated robbery along with a corresponding kidnapping count (Counts 5, 6, and 7), and appellant's firearm specifications. In CR-509845, appellant was sentenced to an aggregate sentence of six years after the trial court merged the corresponding counts of aggravated robbery and kidnapping.[1] The trial court further ordered the 33 years to life

---

[1] Counts 1, 2, and 9 merged. Counts 3, 4, and 10 merged. Counts 5, 6, and 11 merged. Counts 7, 8, and 12 merged. The court also merged each of the three-year firearm specifications into the original three-year specification in Count 1. Appellant was sentenced to three years on each of the merged counts and one year on Count 13, carrying concealed weapons. The trial court ordered these sentences to be served concurrently with one another but consecutively to the three-year merged

sentence in CR- 509831 and the six- year sentence in CR-509845 to be served consecutively to one another for an aggregate sentence of 39 years to life. Appellant brought the present appeal raising the four assignments of error contained in the appendix to this opinion.

{¶ 5} Appellant argues in his first assignment of error that in CR-509831 the trial court erred in failing to merge as allied offenses the murder charge in Count 1 with the aggravated robbery charge in Count 3 as both applied to the same victim. We do not address the merits of this argument because we find the matter to be res judicata. Appellant brought a direct appeal from his convictions wherein he raised the issue of allied offenses regarding certain counts. However, appellant failed to raise the allied offense argument he now presents.

{¶ 6} Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *State v. Perry* (1967), 10 Ohio St.2d 175, 180, 226 N.E.2d 104. It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176,

gun specification in Count 1, for an aggregate sentence of six years.

2006-Ohio-1245, 846 N.E.2d 824, at ¶16-17.

{¶ 7} This court has consistently held that "the time to challenge a conviction based on allied offenses is through a direct appeal—not at a resentencing." *State v. Poole*, Cuyahoga App. No. 94759, 2011-Ohio-716, at ¶13; *State v. Padgett*, Cuyahoga App. No. 95065, 2011-Ohio-1927, at ¶8; *State v. Ballou*, Cuyahoga App. No. 95733, 2011-Ohio-2925.

{¶ 8} "The issue of whether two offenses constitute allied offenses of similar import subject to merger has been recognized as an issue that is required to be raised on direct appeal from a conviction, or else res judicata will bar a subsequent attempt to raise the issue." *State v. Goldsmith*, Cuyahoga App. No. 95073, 2011-Ohio-840, at ¶6, citing *State v. Abuhilwa*, Summit App. No. 25300, 2010-Ohio-5997; *State v. Rodriquez*, Cuyahoga App. No. 95055, 2010-Ohio-4902.

{¶ 9} In the present instance, the proper avenue for appellant's merger challenge would have been in his earlier appeal. Therefore, we find appellant's first assignment of error to be res judicata.

{¶ 10} Appellant's first assignment of error is overruled.

{¶ 11} Appellant argues in his second assignment of error that his sentence of 39 years to life constitutes cruel and unusual punishment in violation of the Eighth Amendment and Section 9, Article I of the Ohio Constitution.

{¶ **12**} Appellant bases his argument in large part upon the fact that he was 15 years of age when he committed the above offenses. Appellant cites the United States Supreme Court's decision in *Roper v. Simmons* (2005), 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1, wherein the Supreme Court held that the cruel and unusual punishment clause of the Eighth Amendment prohibits the states from imposing the death penalty on juveniles.

{¶ **13**} More recently in *Graham v. Florida* (2010), 560 U.S. ____ , 130 S.Ct. 2011, 2030, 176 L.Ed.2d 825, the Supreme Court held that the Eighth Amendment prohibits the states from sentencing juveniles to life imprisonment *without possibility of parole* for *non-homicide* offenses. The Court reasoned that, "while the Eighth Amendment forbids a State from imposing a life without parole sentence on a juvenile nonhomicide offender, it does not require the State to release that offender during his natural life. Those who commit truly horrifying crimes as juveniles may turn out to be irredeemable, and thus deserving of incarceration for the duration of their lives. The Eighth Amendment does not foreclose the possibility that persons convicted of nonhomicide crimes committed before adulthood will remain behind bars for life. It does forbid States from making the judgment at the outset that those offenders never will be fit to reenter society." Id.

{¶ **14**} Outside the death penalty context, the Eighth Amendment does not require

strict proportionality between crime and sentence but forbids only extreme sentences that are grossly disproportionate to the crime. *State v. Warren*, 168 Ohio App.3d 288, 2006-Ohio-4104, 859 N.E.2d 998, ¶29, citing *Harmelin v. Michigan* (1991), 501 U.S. 957, 1001, 111 S.Ct. 2680, 115 L.Ed.2d 836. The Ohio Supreme Court has stated that, "'[c]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person,'" and furthermore that "'the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.'" *State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, ¶14, citing *State v. Weitbrecht*, 86 Ohio St.3d 368, 371, 1999-Ohio-113, 715 N.E.2d 167, quoting *McDougle v. Maxwell* (1964), 1 Ohio St.2d 68, 70, 203 N.E.2d 334.

{¶ 15} Appellant's prison term of 39 years to life is a cumulative sentence composed of multiple, individual sentences for a myriad of crimes committed weeks apart. In such a situation the Ohio Supreme Court has stated, "[F]or purposes of the Eighth Amendment and Section 9, Article I of the Ohio Constitution, proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively. Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not

constitute cruel and unusual punishment." *State v. Moon*, Cuyahoga App. No. 93673, 2010-Ohio-4483, at ¶25, quoting *Hairston* at ¶20.

{¶ 16} Appellant does not argue that any particular individual sentence is cruel and unusual. In fact, each of appellant's individual prison terms is within the range authorized by the General Assembly. Trial courts have discretion to impose a prison sentence within the statutory range for the offense. *Hairston* at ¶21, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." Id.

{¶ 17} Even if we ignored the fact that appellant does not challenge any of his individual sentences as cruel and unusual, appellant's argument would still fail. Unlike the situation presented in *Graham*, appellant pled guilty and was found to be guilty of a homicide offense and received a life sentence with parole eligibility after 33 years for that crime and an additional 6 years for other crimes which he committed. In *State v. Warren*, 118 Ohio St.3d 200, 2008-Ohio-2011, 887 N.E.2d 1145, the Ohio Supreme Court upheld the mandatory life sentence with the possibility of parole[2] of a 15-year-old

---

[2] The possibility of parole was noted in *State v. Warren*, 168 Ohio App.3d 288, 2006-Ohio-4104, 859 N.E.2d 998, at ¶29.

convicted of forcibly raping a 9-year-old. In *State v. Hairston*, Franklin App. No. 08AP-735, 2009-Ohio-2346, the Tenth District Court of Appeals upheld a sentence of 58 years to life for a juvenile convicted of aggravated murder amongst other crimes. The Tenth District, citing the Ohio Supreme Court's decision in *Warren*, stated, "[i]f a 15-year-old can be sentenced to life in prison for rape, it should go without saying that a 17-year-old can be sentenced to 58 years for murder. There is nothing shocking to us about a young man going to prison for 58 years as punishment for shooting two others, one to death, without provocation and in cold blood. The sentence is not cruel or unusual." Id. at ¶65. Similarly, appellant's sentence of 39 years to life for aggravated murder amongst other crimes is not cruel or unusual.

{¶ 18} Appellant's second assignment of error is overruled.

{¶ 19} Appellant argues in his third assignment of error that his sentence is disproportionate to, and inconsistent with, sentences imposed for similarly situated defendants in violation of R.C. 2929.11. R.C. 2929.11(B) states in pertinent part, "[a] sentence imposed for a felony shall be * * * commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶ 20} "A felony sentence should be proportionate to the severity of the offense committed, so as not to 'shock the sense of justice in the community.'" *State v. Smith*,

Cuyahoga App. No. 95243, 2011-Ohio-3051, at ¶66, quoting *State v. Chafin* (1972), 30 Ohio St.2d 13, 17, 282 N.E.2d 46.

{¶ 21} "A defendant alleging disproportionality in felony sentencing has the burden of producing evidence to 'indicate that his sentence is directly disproportionate to sentences given to other offenders with similar records who have committed these offenses * * *.'" Id., quoting *State v. Breeden*, Cuyahoga App. No. 84663, 2005-Ohio-510, ¶81. In order to support a contention that his or her sentence is disproportionate to sentences imposed upon other offenders, a defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. *State v. Cole*, Cuyahoga App. No. 93271, 2010-Ohio-3408, at ¶31, citing *State v. Edwards*, Cuyahoga App. No. 89181, 2008-Ohio-2068; *State v. Nettles*, Cuyahoga App. No. 85637, 2005-Ohio-4990; *State v. Woods*, Cuyahoga App. No. 82789, 2004-Ohio-2700; *State v. Mercado*, Cuyahoga App. No. 84559, 2005-Ohio-3429; *Breeden*; *State v. Austin*, Cuyahoga App. No. 84142, 2004-Ohio-5736.

{¶ 22} Appellant argues that his six-year sentence in CR-509845 violates R.C. 2929.11(B). The record reveals that at appellant's resentencing on October 5, 2010, he noted for the record that his co-defendant in CR-509845 was 17 years of age at the time of the crime and was not bound over from juvenile court to be tried as an adult as

appellant was. Appellant's counsel stated, "He was treated in juvenile court. He's three years senior to [appellant], did the exact same conduct. Nobody got hurt." October 5, 2010 tr. 36.

**{¶ 23}** Appellant argues that he is similarly situated to his co-defendant. We disagree. In *Warren*, the Ohio Supreme Court drew a distinction between juveniles bound over for trial as an adult and juveniles who are found to be amenable to rehabilitation in the juvenile justice system. *Warren*, at 211-212. The Supreme Court rejected the argument that such offenders are similarly situated for proportionality purposes. Id. Appellant is not "similarly situated" to his co-defendant in CR-509845 who was not bound over for trial as an adult. Therefore, appellant cannot rely upon his co-defendant's juvenile sentence for the purposes of raising a proportionality challenge.

**{¶ 24}** As appellant failed to produce any evidence to indicate that his sentence is disproportionate to sentences given to other offenders with similar records who have committed the same offenses we find that appellant failed to meet his burden and properly raise the issue of proportionality before the trial court.

**{¶ 25}** Appellant's third assignment of error is overruled.

**{¶ 26}** In his fourth assignment of error, appellant argues that the trial court erred in imposing consecutive sentences without making the specific judicial findings required by R.C. 2929.14(E)(4). Appellant acknowledges that *State v. Foster*, 109 Ohio St.3d 1,

2006-Ohio-856, 845 N.E.2d 470, held that such findings were no longer required but argues that the *Foster* remedy of excising sentencing sections that require findings is no longer necessary as a result of the United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, which held that judicial fact-finding with respect to consecutive terms of imprisonment does not violate the Sixth Amendment. Appellant contends that the judicial findings mandated by R.C. 2929.14(E) are still operative and absent such findings his consecutive sentences must be vacated.

{¶ 27} The Ohio Supreme Court has rejected this argument. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. In *Hodge*, the court held that, "[a]fter *Ice*, it is now settled law * * * that the jury-trial guarantee of the Sixth Amendment to the United States Constitution does not preclude states from requiring trial court judges to engage in judicial fact-finding prior to imposing consecutive sentences." Id. at ¶19. However, the court went on to hold that the decision in *Ice* "does not revive Ohio's former consecutive-sentencing statutory provisions * * * which were held unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470." *Hodge* at paragraph two of the syllabus. Accordingly, appellant's fourth assignment of error is overruled.

{¶ 28} The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

SEAN C. GALLAGHER, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR

Appendix

*Assignment of Error No. 1*:
"In CR-509831, the trial court failed to merge as allied the murder charge (Count 1) with the aggravated robbery charge in Count 3, where both applied to the same victim."

*Assignment of Error No. 2*:
"A sentence of life imprisonment with first parole eligibility at 39 years constitutes cruel and unusual punishment."

*Assignment of Error No. 3*:

"A sentence of life imprisonment with first parole eligibility at 39 years is disproportionate to, and inconsistent with, sentences imposed for similarly situated defendants."

*Assignment of Error No. 4*:

"Appellant's consecutive sentences are contrary to law and violative of due process because the trial court failed to make and articulate the findings and reasons necessary to justify it."