[Cite as *State v. Ivory*, 2012-Ohio-708.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   97429

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILEY IVORY

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-389997

**BEFORE:**   E. Gallagher, J., Rocco, P.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:**    February 23, 2012

**FOR APPELLANT**

Wiley Ivory, pro se
Inmate #406-107
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY:    Mark J. Mahoney
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113


EILEEN A. GALLAGHER, J.:

**{¶1}** This is an accelerated appeal authorized pursuant to App.R. 11.1 and Loc.App.R. 11.1.

**{¶2}** Wiley Ivory ("appellant") appeals the judgment of the Cuyahoga Court of Common Pleas denying his motion for resentencing.   For the following reasons, we affirm.

**{¶3}** Appellant was indicted on April 17, 2000, with one count of rape with a repeat violent offender specification, a sexually violent predator specification and a notice of prior conviction  (Count 1); kidnapping (Counts 2 and 3), each count including a notice of prior conviction, a repeat violent offender specification and a sexual motivation specification; and gross sexual imposition   (Count 4).

**{¶4}** On January 30, 2001, a jury found appellant guilty of all counts, including the sexual motivation specifications as charged in Counts 2 and 3.   Prior to sentencing, the court

conducted an evidentiary hearing and granted appellant's motion for directed verdict as to the repeat violent offender specifications on Counts 1, 2, and 3. The trial court sentenced appellant to a prison term of nine years on Count 1, eight years on Count 2, and seven years on Count 3. Each of those terms was to run consecutive to one another. Appellant was sentenced to four years on Count 4, to run concurrently with the sentences imposed on the first three counts, and found him to be a sexual predator.

{¶5} On March 21, 2002, appellant appealed his conviction and we affirmed the judgment of the trial court in *State v. Ivory*, 8th Dist. No. 79722, 2002-Ohio-1275, 2002 WL 451200 ("*Ivory I*"). Thereafter, appellant filed an application for reopening pursuant to App.R. 26(B), which we denied in *State v. Ivory*, 8th Dist. No. 79722, 2002-Ohio-6230, 2002 WL 31528800.

{¶6} On September 26, 2011, appellant filed a motion for resentencing, which the trial court denied. This appeal followed.

{¶7} Appellant brings the present appeal advancing the following sole assignment of error: "The trial court erred in failing to hold that the offenses of rape, gross sexual imposition and kidnapping, were allied offenses of similar import; requiring merger of the offenses for the purposes of sentencing."

{¶8} Appellant's claim is barred by res judicata. Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on an appeal from that judgment. *Stave v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967). It is well established that res judicata bars the consideration

of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 96 N.E.2d 824, at ¶ 16-17.

> The issue of whether two offenses constitute allied offenses of similar import subject to merger has been recognized as an issue that is required to be raised on direct appeal from a conviction, or else res judicata will bar a subsequent attempt to raise the issue. *State v. Flagg*, 8th Dist. Nos. 95958 and 95986, 2011-Ohio-5386, 2011 WL 4978922, at ¶ 8, quoting *State v. Goldsmith*, 8th Dist. No. 95073, 2011-Ohio-840, 2011 WL 676167, at ¶ 6.

{¶9} In this case, the appellant failed to advance his merger challenge when he appealed his conviction in *Ivory I*, which was the proper avenue. Therefore, we find appellant's sole claim to be barred by res judicata.

{¶10} Accordingly, the judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KENNETH A. ROCCO, P.J., and MARY EILEEN KILBANE, J., CONCUR