[Cite as *State v. Wise*, 2013-Ohio-260.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No.   98086

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL R. WISE

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-554977

**BEFORE:**   E.A. Gallagher, J., Stewart, A.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**   January 31, 2013

**ATTORNEY FOR APPELLANT**

Brian R. McGraw
1370 Ontario Street
Suite 2000
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    Jesse W. Canonico
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio   44113

EILEEN A. GALLAGHER, J.:

{¶1} Michael Wise appeals from his sentence, which was imposed in the Cuyahoga County Court of Common Pleas. Wise argues that the statement of the minor victim's father deprived him of his due process rights and that the aggregate prison sentence of 108 years to life constituted cruel and unusual punishment. Finding no merit to the instant appeal, we affirm the judgment of the trial court.

{¶2} This case originated when the victim, A.R., (d.o.b. 6/15/1999) informed his father that Wise had sexually abused him. Police officers investigating the crime discovered photographic and video evidence on Wise's computer of the defendant sexually assaulting the victim over a period of time. According to the state of Ohio, the recovered evidence of the crime depicted numerous assaults on the victim, who was nine when they began and 12 at the time of sentencing.

{¶3} Wise pleaded guilty to sixteen counts of rape of a child under the age of 13 with sexually violent predator specifications; 39 counts of pandering sexually oriented matter involving a minor; nine counts of illegal use of a minor in nudity-oriented performance and one count of possession of criminal tools; the court dismissed the remaining counts against him. The parties agreed that the offenses were not allied offenses of similar import, that Wise was to have no contact with the victim and that he would be classified as a Tier III sexual offender.

{¶4} At Wise's February 17, 2012 sentencing hearing, the court heard a

synopsis of the facts as presented by the state, a statement from a detective from the Cleveland Police Department Sex Crimes and Child Abuse Unit, a statement from a man who had been sexually assaulted by Wise in 1992 and a statement from the victim's father. Lastly, Wise and his counsel addressed the court. In imposing its sentence, the court related that it had reviewed the presentence investigation report and both the state and Wise's sentencing memorandum. The court then sentenced Wise as follows: 25 years to life on each rape count, with counts 2, 9, 16 and 23 to run consecutive and the remaining 12 counts of rape to run concurrent; eight years on each count of pandering, to run concurrent with each other but consecutive to the rape sentences; eight years on the charges of illegal use of a minor in a nudity-oriented production to run concurrent with one another and concurrent with all other counts; and one year on the charge of possession of criminal tools to run concurrent with all other counts, for a total prison sentence of 108 years to life.

{¶5} Wise appeals, raising the following assignments of error:

### Assignment of Error I

The statement delivered by the victim's father at sentencing, which was threatening and violent, denied the appellant of his due process right to a fair, thoughtful and unbiased sentencing hearing.

### Assignment of Error II

A sentence of 108 years to life is cruel and unusual and in violation of the appellant's Eighth Amendment rights.

{¶6} In his first assignment of error, Wise claims that the victim's father's statement deprived him of a fair, and unbiased sentencing hearing. We disagree.

**{¶7}** Throughout his assigned error, Wise quoted extensively from the victim's father's statement, which we admit was profanity laced and lacking in decorum. However, nowhere in Wise's appeal does he establish how this statement impacted the court's imposed prison sentence. Additionally, Wise has failed to supply this court with any legal authority demonstrating that a victim statement such as this requires a sentencing reversal. Such a failure allows this court to disregard this assigned error. *See* App.R. 12(A), App.R. 16(A).

**{¶8}** Nonetheless, this court has reviewed both the journal entry and the sentencing transcript and we find no evidence that the victim's father's statement had any impermissible impact upon the imposed sentence. Prior to imposing sentence, the trial court stated that it had considered all the required factors of law and that prison was consistent with the purposes of R.C. 2929.11. The court then went on to address the reasons for imposing its sentence, which included the following: that Wise was a repeat sexual offender of underage boys, that he used a position of trust to assault and exploit the victim, that Wise not only raped a nine year-old boy while he was asleep but that he memorialized it with video and photos for his own self-gratification and that Wise committed one of the worst forms of the offenses the court had seen. The court never referenced the victim's father's statement before imposing sentence.

**{¶9}** Thus, while the victim's father did display anger and hostility towards Wise during his statement, we find no proof that this statement deprived Wise of his substantial rights. It is apparent from the record that this was an emotionally charged case and that the trial court was simply providing the victim's father with an opportunity

to express his emotions. Although we do not find the victim's father's statement to be either appropriate or respectful of the courtroom environment, we find no error with the court's imposed sentence. Notably, Wise does not even allege that the trial court's imposed sentence is contrary to law.

{¶10} Wise's first assignment of error is overruled.

{¶11} In his second assigned error, Wise argues that a 108 year-to-life prison sentence constitutes cruel and unusual punishment. Specifically, Wise argues that while his crimes were serious, he did not commit a murder and that he should be allowed some hope of one day being a free man. We find no merit to Wise's arguments.

{¶12} The Ohio Supreme Court has stated that,

[c]ases in which cruel and unusual punishments have been found are limited to those involving sanctions which under the circumstances would be considered shocking to any reasonable person,

and furthermore that

the penalty must be so greatly disproportionate to the offense as to shock the sense of justice of the community.

*State v. Hairston*, 118 Ohio St.3d 289, 2008-Ohio-2338, 888 N.E.2d 1073, citing *State v. Weitbrecht*, 86 Ohio St.3d 368, 371, 1999-Ohio-113, 715 N.E.2d 167, quoting *McDougle v. Maxwell*, 1 Ohio St.2d 68, 70, 203 N.E.2d 334 (1964).

{¶13} Wise's prison term of 108 years to life is a cumulative sentence composed of multiple, individual sentences for a myriad of crimes committed over multiple years. In such situations the Ohio Supreme Court has stated,

[F]or purposes of the Eighth Amendment and Section 9, Article I of the Ohio

Constitution, proportionality review should focus on individual sentences rather than on the cumulative impact of multiple sentences imposed consecutively. Where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment.

*State v. Moon*, 8th Dist. No. 93673, 2010-Ohio-4483, at ¶ 25, quoting *Hairston* at ¶ 20.

**{¶14}** In the present case, Wise does not argue that any particular individual sentence is cruel and unusual. In fact, each of Wise's individual prison terms is within the range authorized by the General Assembly. Trial courts have discretion to impose a prison sentence within the statutory range for the offense. *Hairston* at ¶ 21, citing *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, paragraph seven of the syllabus. "As a general rule, a sentence that falls within the terms of a valid statute cannot amount to a cruel and unusual punishment." *Id.*

**{¶15}** The facts of this case are particularly disturbing. Thus, Wise's sentence of 108 years to life for 16 counts of rape of a child under the age of 13, 39 counts of pandering sexually oriented matter involving a minor, nine counts of illegal use of a minor in nudity-oriented performance and one count of possession of criminal tools is not cruel or unusual. *See also State v. Flagg*, 8th Dist. Nos. 95958 and 95986, 2011-Ohio-5386.

**{¶16}** Wise's second assignment of error is overruled.

**{¶17}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for

execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
EILEEN A. GALLAGHER, JUDGE

MELODY J. STEWART, A.J., and
KENNETH A. ROCCO, J., CONCUR