[Cite as *State v. Sutton*, 2011-Ohio-2249.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 90172

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## MICHAEL SUTTON

DEFENDANT-APPELLANT

## JUDGMENT:
## REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-481840

**BEFORE:** Jones, J., Kilbane, A.J., and Keough, J.

**RELEASED AND JOURNALIZED:** May 12, 2011

**ATTORNEY FOR APPELLANT**

Paul Mancino, Jr.
75 Public Square
Suite 1016
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113


LARRY A. JONES, J.:

{¶ 1} This cause is before this court on remand from the Supreme Court of Ohio. In *State v. Sutton*, Cuyahoga App. No. 90172, 2008-Ohio-3677 (*Sutton I*), this court found that felonious assault and attempted murder were allied offenses of similar import and merged appellant's convictions for felonious assault and attempted murder as to each victim. This court also reversed appellant's conviction for two felony counts of inducing panic and remanded the case to the lower court to enter a judgment convicting appellant of two

misdemeanor counts of inducing panic. Further, this court found that appellant's sentence of 42½ years in prison was grossly disproportionate to the severity of his offenses. The appellant's convictions were affirmed by this court in all other respects.

{¶ 2} Appellant appealed our decision to the Ohio Supreme Court and the state cross-appealed on the issue of allied offenses. In February 2009, the Ohio Supreme Court dismissed Sutton's appeal, but accepted the state's cross-appeal. The trial court stayed further action on the case pending the decision of the Supreme Court.

{¶ 3} In March 2011, the Supreme Court issued a judgment entry stating, in part: "This cause is remanded to the court of appeals for further consideration in view of our decision in *State v. Johnson*, [128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061]."

{¶ 4} Thus, our task is to consider whether the Ohio Supreme Court's decision in *Johnson* affects our original holding in *Sutton I*, where we merged Sutton's convictions for felonious assault and attempted murder.

{¶ 5} In *Johnson*, the Ohio Supreme Court overruled *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, which required a comparison of statutory elements solely in the abstract under R.C. 2941.25, and held that the court must consider the defendant's conduct when determining whether two offenses are allied offenses of similar import subject to merger under R.C. 2941.25. *Johnson* at ¶44.

{¶ 6} The *Johnson* Court held that:

"In determining whether offenses are allied offenses of similar import under R.C. 2941.25(A), the question is whether it is possible to commit one offense and commit the other with the same conduct, not whether it is possible to commit one without committing the other.  * * *  If the offenses correspond to such a degree that the conduct of the defendant constituting commission of one offense constitutes commission of the other, then the offenses are of similar import.

"If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'  * * *

"If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged.

"Conversely, if the court determines that the commission of one offense will never result in the commission of the other, or if the offenses are committed separately, or if the defendant has separate animus for each offense, then, according to R.C. 2941.25(B), the offenses will not merge." (Internal citations omitted.)  Id. at ¶ 48-51.

{¶ 7}  In other words, "[i]f the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'  If the answer to both questions is yes, then the offenses are allied offenses of similar import and will be merged." *Johnson* at ¶49-50, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, ¶50.

{¶ 8}  In *Sutton I*, we analyzed the case pursuant to *State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, and found:

"The facts in this case are straightforward. On the evening in question, appellant and three other individuals, Kenny Phillips, Deante Creel, and Akeem Tidmore, were riding together in a Chevrolet Caprice. Police officers saw the Chevrolet pull alongside a Lincoln Mark VIII containing Ken Tolbert, Chris Lovelady, Kevin Tolbert, and Leonard Brown. The police witnessed gunshots coming from the Chevrolet. The driver of the Lincoln, Ken Tolbert, and one passenger, Chris Lovelady, sustained head injuries from the gunshots; the other two passengers were uninjured.[1]

"The grand jury issued the following indictment: four counts of attempted murder (attempted purposely to cause the death of another); four counts of felonious assault (knowingly causing or attempting to cause harm to another with a gun); two counts of felonious assault (causing serious physical harm to another); and two counts of attempted felonious assault (knowingly attempting to cause serious physical harm to another). There were other counts in the indictment, but they are not relevant to the issue before us here.

" * * *

"We hold here that shooting at someone and hitting them, but not killing them, and shooting at someone but not hitting them, are both manners in which these attempted murders were perpetrated. In fact, the various felonious assaults are subsumed in the attempted murders. Hence, the first prong (the elements of all the various felonious assaults charged here, if proved, would result in the commission of attempted murder) is satisfied.

"The second prong of this inquiry is whether there was a separate animus to each of the felonious assaults; we hold there was not. There is one act-shooting the automobile. The fact that the automobile had four occupants resulted in single charges relating to each of the four victims, but the animus of the felonious assaults and the attempted murders was the same. Hence, we conclude that all of the felonious assaults are allied offenses of similar import to the attempted murders." Id. at ¶85-86, ¶93-94.

{¶ 9} Although our analysis now is under *Johnson*, and not *Cabrales* or *Rance*, the outcome is still the same. In considering the conduct of Sutton, we again find that he acted

---

[1] A complete recitation of the facts are set forth in *Sutton I.*

with one animus when he fired multiple successive shots into the car containing the four victims; therefore, the animus of the felonious assaults and the attempted murders was the same.

{¶ 10} Thus, under *Johnson* we hold that the trial court erred in failing to merge the felonious assault and attempted murder convictions as to each of the four victims.

{¶ 11} The case is reversed and remanded to the trial court for proceedings consistent with this opinion.

It is ordered that appellant recover of appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES,   JUDGE

MARY EILEEN KILBANE, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR