[Cite as *State v. Phillips*, 2013-Ohio-1443.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98487**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# KENNY PHILLIPS

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-481840

**BEFORE:** S. Gallagher, P.J., Rocco, J., and McCormack, J.

**RELEASED AND JOURNALIZED:** April 11, 2013

**ATTORNEY FOR APPELLANT**

Matthew M. Nee
Nee - Bittinger, L.L.C.
27476 Detroit Road
Suite 104
Westlake, OH   44145

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH   44113

SEAN C. GALLAGHER, P.J.:

{¶1} Appellant, Kenny Phillips, appeals from a resentencing order issued by the Cuyahoga County Court of Common Pleas. For the reasons stated herein, we affirm the decision of the trial court.

{¶2} In 2006, appellant was charged under a multi-count indictment. The charges arose from a drive-by shooting incident during which multiple shots were fired into a vehicle containing four occupants, a police chase ensued, and additional shots were fired. After a jury trial, appellant was convicted of four counts of attempted murder, six counts of felonious assault, two counts of attempted felonious assault, one count of felonious assault of a police officer, one count of attempted felonious assault of a police officer, and two counts of inducing panic. The jury also found appellant guilty of firearm specifications that were included on most counts. The trial court initially sentenced appellant to a total prison term of 92 years, plus a mandatory 5 years of postrelease control.[1]

{¶3} On direct appeal, this court affirmed in part, reversed in part, and remanded the matter to the trial court. *State v. Phillips*, 8th Dist. No. 96329, 2012-Ohio-473. Appellant's convictions were affirmed in large part, with only the felony convictions for inducing panic being reversed and remanded for the trial court to enter the convictions as

---

[1] An initial appeal was dismissed for a lack of a final appealable order because restitution had not been resolved. *State v. Phillips*, 8th Dist. No. 90124, 2008-Ohio-5101, *on reconsideration vacating*, 8th Dist. No. 90124, 2008-Ohio-4367.

first-degree misdemeanors. Also, the case was remanded for the merger of allied offenses and for resentencing consistent with the state's elections. *Id*. Upon remand, the trial court resentenced appellant to a total prison term of 65 years, plus a mandatory 5 years of postrelease control.

{¶4} Appellant timely appealed the resentencing order. He raises two assignments of error for our review. His first assignment of error provides as follows:

> The trial court erred by imposing multiple sentences for attempted murder, because the evidence established no more than a single act with a single animus.

{¶5} Appellant argues that his four convictions for attempted murder should have merged as allied offenses of similar import. He claims the act of firing multiple shots at an automobile in rapid succession involved only a single course of conduct and that there was no separate animus toward each victim.

{¶6} Initially, we recognize that appellant raised an allied offense claim in the direct appeal from his conviction. In that appeal, appellant claimed that each of the attempted murder offenses were allied offenses of similar import with the corresponding felonious assault and attempted felonious assault offenses, and the state conceded this argument. This court found that the determination of guilt as to each of the subject counts remained intact, but vacated the sentence and remanded the case in order for the state to elect among the counts as to each of the four victims. *Phillips*, 8th Dist. No. 96329, 2012-Ohio-473. Appellant did not claim, as he does herein, that the four attempted murder offenses should have merged between the victims.

{¶7} This court has previously found that "the issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction, or res judicata will bar a subsequent attempt to raise the issue." *State v. Collins*, 8th Dist. No. 97496, 2012-Ohio-3687, ¶ 7; *see also State v. Allen*, 8th Dist. No. 97552, 2012-Ohio-3364, ¶ 20. Therefore, we find appellant's claim is barred by res judicata.

{¶8} Further, even if it were not barred, we find the claim to be without merit. Where the same act or course of conduct results in offenses committed against multiple victims, a defendant may be separately punished for each person harmed by the conduct. *See State v. Chaney*, 8th Dist. No. 97872, 2012-Ohio-4933, ¶ 25-26; *see also State v. Jones*, 18 Ohio St.3d 116, 118, 480 N.E.2d 408 (1985).

{¶9} Appellant argues that in his codefendant's case, the court found the act of shooting into the moving vehicle was one act. *State v. Sutton*, 8th Dist. No. 90172, 2011-Ohio-2249. However, the offenses in that case were considered only as they related to each individual victim. The court found that "the trial court erred in failing to merge the felonious assault and attempted murder convictions as to each of the four victims." *Id*. at ¶ 10. No challenge was presented as to the offenses having been committed with a separate animus or being of dissimilar import in regard to multiple victims.

{¶10} Where a defendant commits the same offense against different victims during the same course of conduct and the offense is defined in terms of conduct toward

another, then there is a dissimilar import for each person subjected to the harm or risk of harm. *State v. Dix*, 8th Dist. No. 94791, 2011-Ohio-472, ¶ 22; *State v. Jordan*, 8th Dist. No. 91869, 2009-Ohio-3078; *see also State v. Franklin*, 97 Ohio St.3d 1, 2002-Ohio-5304, 776 N.E.2d 26, ¶ 48. In this case, by firing multiple shots at an occupied vehicle, or acting in complicity with the shooter in this regard, appellant attempted to purposely cause the death of each victim. Appellant created a known risk of harm to four separate individuals, and there was a separate animus as to each victim. Therefore, the offenses at issue are not allied offenses of similar import.

**{¶11}** Appellant's first assignment of error is overruled.

**{¶12}** Appellant's second assignment of error provides as follows:

> The trial court erred by imposing a sentence that is grossly disproportionate to the severity of [his] offenses.

**{¶13}** The trial court imposed on appellant a cumulative sentence of 65 years. Appellant claims that his sentence is grossly disproportionate to the severity of his offenses and inconsistent with the sentence imposed on his codefendant, Michael Sutton. He states that his alleged conduct was the same as Sutton's and, like Sutton, appellant was an 18-year-old high school graduate who had never been to prison.

**{¶14}** Appellant relies heavily on the original sentence imposed on Sutton of 46½ years that was found disproportionate to the severity of his offenses. *State v. Sutton*, 8th Dist. No. 90172, 2008-Ohio-3677. However, Sutton was resentenced to a total prison term of 41½ years, and that sentence was affirmed. *State v. Sutton*, 8th Dist. No. 97132, 2012-Ohio-1054. Further, unlike Sutton, Phillips was convicted and sentenced for

felonious assault of a police officer, and that offense also carried a seven-year consecutive sentence for the firearm specification.

**{¶15}** R.C. 2929.11(B) states that a felony sentence must be "consistent with sentences imposed for similar crimes committed by similar offenders." The goal of felony sentencing is to achieve consistency not uniformity, and there is no requirement that codefendants receive identical sentences. *See State v. Drobny*, 8th Dist. No. 98404, 2013-Ohio-937, ¶ 7. "[C]onsistency in sentencing does not result from a case-by-case comparison, but by the trial court's proper application of the statutory sentencing guidelines." *State v. Dahms*, 6th Dist. No. S-11-028, 2012-Ohio-3181, ¶ 22, citing *State v. Hall*, 179 Ohio App.3d 727, 2008-Ohio-6228, ___ N.E.2d ___, ¶ 10 (10th Dist.). Also, "'[c]onsistency * * * requires a trial court to weigh the same factors for each defendant, which will ultimately result in an outcome that is rational and predictable.'" *Drobny* at ¶ 7, quoting *State v. Georgakopoulos*, 8th Dist. No. 81934, 2003-Ohio-4341, ¶ 26.

**{¶16}** The record reflects that before imposing appellant's sentence, the trial court considered the testimony and arguments of counsel, the presentence investigation report and mitigating factors, and the appropriate statutory factors and guidelines in R.C. 2929.11 and 2929.12. The court expressed in part:

> And this case will never be forgotten by this Court. I recall the details quite clearly because it is the worse case of attempted murder I have ever seen. It was attempted mass murder. But for you and your accomplice not being better shots, we would have had five people dead, including one police officer.

Those shots were fired into that car with a separate animus to cause the murder, to cause the death of certainly all four of those individuals. But for the grace of God, only two individuals were shot in the head. Shot in the head. Resulting in personal, debilitating injuries to each one of those victims, including the ending of a professional football career in Europe where Mr. Lovelady was headed * * *.

And Kenneth Tolbert, again, shot in the head with permanent injuries to his face, permanent paralysis to his face. * * *And but for the grace of God they survived.

And the absolute horror that was witnessed by Kenneth's brother, Kevin, who sees blood, you know, squirting out of his brother's head. Mr. Brown, sitting next to his best friend, Mr. Lovelady, hearing the agonizing screams of Christopher Lovelady that he is blind, help me, I'm blind. Shot in the head. All of this done in the presence, witnessed by two police officers.

And then, to make things worse, continuing on in the vehicle running from the police. And when Officer Lentz, trying to apprehend you and your cohorts responsible for this attempted mass murder, I'll never forget his testimony that he hears the shot, he sees the star pattern, light in the dark and hears the bullet whistling past his head. And his testimony literally was, he basically had to check his pants; he felt like he was incontinent at that point from fear of his life ending right then and there where he would never be able to see his family because of what you did.

{¶17} The trial court imposed a ten-year prison term on the base charge of attempted murder in Count 1, plus a consecutive eight years on the three- and five-year firearm specifications. The court imposed consecutive ten-year terms for the attempted murder in Counts 2, 3, and 4. A total prison term of 48 years was imposed on Counts 1 through 4. The court imposed a ten-year term for the felonious assault of a police

officer, plus a consecutive seven years for the firearm specification, for a total of 17 years to be served consecutive to the 48 years already imposed. On the inducing panic counts, the court imposed six months in county jail concurrent to the other counts. The total cumulative prison term imposed was 65 years. The court also imposed 5 years of mandatory postrelease control and ordered restitution.

{¶18} With regard to consecutive terms, the court specifically found as follows:

The consecutive terms are necessary, a single prison term wouldn't adequately punish this defendant or sufficiently protect our community. It is not disproportionate to the outrageous conduct and devastating serious physical harm occasioned on the victims. There is multiple conduct here, separate conduct of so great — the nature of it is so great in its harm or unusual in its nature that a single prison term would not be appropriate.

{¶19} Upon our review, we find appellant's sentence met the proportionality and consistency objectives. Additionally, appellant has not established that his prison sentence is clearly and convincingly contrary to law or that the trial court abused its discretion by imposing it. Accordingly, we overrule appellant's second assignment of error.

{¶20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

SEAN C. GALLAGHER, PRESIDING JUDGE

KENNETH A. ROCCO, J., and
TIM McCORMACK, J., CONCUR