[Cite as *State v. Jones*, 2013-Ohio-3141.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 99121

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DONOVAN D. JONES

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-561081 and CR-562160

**BEFORE:** Kilbane, J., Celebrezze, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** July 18, 2013

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, Ohio 44116

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Marc D. Bullard
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} This appeal is a companion case to *State v. Collins*, 8th Dist. No. 99111, and *State v. Minifee*, 8th Dist. No. 99202.

{¶2} Defendant-appellant, Donovan Jones ("Jones"), appeals his drug trafficking sentence. For the reasons set forth below, we affirm.

{¶3} In Cuyahoga C.P. No. CR-561081, Jones was charged in a three-count indictment. Count 1 charged him with drug trafficking, Count 2 charged him with drug possession, and Count 3 charged him with possession of criminal tools. Each count carried a forfeiture of money and a forfeiture of a cell phone specification.

{¶4} In Cuyahoga C.P. No. CR-562160, Jones and codefendants, Devin Collins ("Collins") and Patrick Minifee ("Minifee"), were charged in a 13-count indictment. Count 1 charged each of them with kidnapping, Count 2 charged each of them with attempted murder, Counts 3 and 4 charged each of them with felonious assault, Counts 5 and 6 charged each of them with aggravated robbery, Counts 7 and 8 charged Jones with having a weapon while under disability, Count 9 charged Collins with having a weapon while under disability, Count 10 charged each of them with discharging a firearm on or near a prohibited premises. Count 11 charged each of them with carrying a concealed weapon. Count 12 charged each of them with improperly handling a firearm in a motor vehicle. Count 13 charged each of them with tampering with evidence. Counts 1, 2, 3,

4, 5, 6, and 10 carried various firearm and forfeiture specifications. Counts 7, 8, 9, 11, 12, and 13 carried forfeiture specifications.

{¶5} In September 2012, Jones entered a guilty plea in both cases. In CR-561081, he pled guilty to drug trafficking as charged in Count 1 and Counts 2 and 3 were nolled. In CR-562160, he pled guilty to an amended count of robbery (Count 5), with the forfeiture specifications. The firearm specifications on Count 5 were deleted and the remaining counts were nolled.

{¶6} In CR-561081, the trial court sentenced Jones to 12 months in prison. In CR-562160, the trial court sentenced him to two years of community control sanctions, upon his release from prison in CR-561081.

{¶7} Jones now appeals, raising the following sole assignment of error for review.

Assignment of Error

The trial court erred when it sentenced [Jones] to the maximum term of 12 months in prison for a fifth degree felony.

{¶8} In reviewing a felony sentence, we take note of R.C. 2953.08(G)(2), which provides in pertinent part:

The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its

discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶9} In the instant case, Jones pled guilty to drug trafficking, a fifth-degree felony, in violation of R.C. 2925.03(A)(2). Jones argues the trial court erred by sentencing him to 12 months in prison because under R.C. 2929.13(B)(1)(c), the court was required to impose community control sanctions.

{¶10} R.C. 2929.13, as amended by H.B. 86, effective September 30, 2011, creates a presumption in favor of community control for fourth-degree and fifth-degree felonies if certain factors apply. R.C. 2929.13(B)(1); *State v. Lyles*, 8th Dist. No. 97524, 2012-Ohio-3362, ¶ 10. R.C. 2929.13(B)(1) provides that:

(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense or to an offense of violence that is a misdemeanor and that the offender committed within two years prior to the offense for which sentence is being imposed.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department,

within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court.

\* \* \*

(c) If a court that is sentencing an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense believes that no community control sanctions are available for its use that, if imposed on the offender, will adequately fulfill the overriding principles and purposes of sentencing, the court shall contact the department of rehabilitation and correction and ask the department to provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court. Not later than forty-five days after receipt of a request from a court under this division, the department shall provide the court with the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court, if any. Upon making a request under this division that relates to a particular offender, a court shall defer sentencing of that offender until it receives from the department the names of, contact information for, and program details of one or more community control sanctions of at least one year's duration that are available for persons sentenced by the court or for forty-five days, whichever is the earlier.

{¶11} Jones argues that the trial court erred by failing to comply with R.C. 2929.13(B)(1)(c), in that it did not contact the department of rehabilitation and correction and request information regarding community control sanctions prior to imposing a prison term. Jones, however, is exempt from the application of R.C. 2929.13(B)(1)(c), by virtue of R.C. 2929.13(B)(1)(a)(i)-(ii) and 2929.13(B)(1)(b)(x), because Jones served a prison term on a previous case and was convicted of robbery in CR-562160, which was within two years of the sentence in the instant case. Moreover,

Jones committed the robbery while on bond in the instant case. *See State v. Robinson*, 2d Dist. No. 2012 CA 17, 2012-Ohio-4976, ¶ 22, (where the court found that the appellant was exempt from R.C. 2929.13(B)(1)(c), by virtue of the application of R.C. 2929.13(B)(1)(a)(iii) because appellant violated his bond in another case). Therefore, Jones was ineligible for community control sanctions.

{¶12} Jones further argues that the trial court failed to consider the seriousness factors and the consistency and proportionality of his sentence. R.C. 2929.11(B) provides that a felony sentence shall be "commensurate with and not [demean] the seriousness of the offender's conduct and its impact upon the victim, and [shall be] consistent with sentences imposed for similar crimes committed by similar offenders." Additionally, R.C. 2929.12 sets forth a nonexhaustive list of factors that a trial court must consider when rendering its sentence so as to determine the seriousness of the offense and the likelihood of recidivism.

{¶13} We note that a trial court is not required to use "'talismanic words to comply with the guidelines and factors for sentencing.'" *State v. Goins*, 8th Dist. No. 98256, 2013-Ohio-263, ¶ 10, quoting *State v. Brewer*, 1st Dist. No. C-000148, 2000 Ohio App. LEXIS 5455 (Nov. 24, 2000). It must, however, be clear from the record that the trial court actually made the required statutory findings. *Id.*, citing *State v. Pierson*, 1st Dist. No. C-970935, 1998 Ohio App. LEXIS 3812 (Aug. 21, 1998). A trial court satisfies this statutory requirement when the record reflects that the court has engaged in the required

analysis and has selected the appropriate statutory criteria. *See State v. Edmonson*, 86 Ohio St.3d 324, 326, 1999-Ohio-110, 715 N.E.2d 131.

{¶14} In the instant case, the trial court imposed a maximum sentence of 12 months in prison, and stated on the record that, in doing so, it considered the facts of the case, "all the principles and purposes of felony sentencing, the appropriate recidivism and seriousness factors and all the statutory requirements of the court." Jones was 25 years old at the time of sentencing. The court stated:

> In those short 25 years, you've got some pretty serious prior histories. I see two possession of deadly weapon in school safety zone, although they were dismissed.
>
> * * *
>
> Then you have the domestic violence, felonious assault.
>
> * * *
>
> And then there was a * * * robbery case [for which you were sentenced to a year in prison.]
>
> * * *
>
> [A] year and a month after you got sentenced from [that trial judge, you] happened to get her again on the docket[.]
>
> * * *
>
> You got [sentenced] again in that case. So that was six months there. Not long after that, you get this heroin case with myself. You're out on bond, and you're drinking. You're partying. You're hanging out with Mr. Collins and Mr. Minifee, and you got yourself mixed up in an extremely serious situation.

{¶15} The trial court next considered the seriousness of the offense and why Jones was not amenable to community control sanctions, by stating that:

> [Y]ou knew you were in big trouble because of what you and your cohorts had done. So I got a serious problem as far as community control sanctions with you.
>
> You score a 12. You are a high risk on our offender risk assessment instrument, and I would have a difficult time putting you on probation.
>
> * * *
>
> So the court is going to do this: I don't think you are amenable for community control sanctions on the drug case. It's just your record is too bad[.]

{¶16} Based on the foregoing, we find that the trial court properly considered the statutory requirements of R.C. 2929.11 and 2929.12.

{¶17} With respect to Jones's proportionality argument, this court has previously found that in order to support a contention that a sentence is disproportionate to sentences imposed upon other offenders, the defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal. *State v. Edwards*, 8th Dist. No. 89181, 2007-Ohio-6068; *State v. Lang*, 8th Dist. No. 92099, 2010-Ohio-433, *discretionary appeal not allowed,* 126 Ohio St.3d 1545, 2010-Ohio-3855; *State v. Cooper*, 8th Dist. No. 93308, 2010-Ohio-1983. A review of the record in the instant case reveals that defense counsel did not raise the issue of proportionality at the sentencing hearing. Nor did he present evidence as to what a "proportionate sentence" might be. Thus, he not has preserved the issue for appeal.

**{¶18}** Accordingly, the sole assignment of error is overruled.

**{¶19}** Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
EILEEN A. GALLAGHER, J., CONCUR