[Cite as *State v. Doubrava*, 2013-Ohio-3526.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99105

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GARY DOUBRAVA

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-498662

**BEFORE:**   E.A. Gallagher, J., Boyle, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:**    August 15, 2013

**ATTORNEY FOR APPELLANT**

Joseph Vincent Pagano
P.O. Box 16869
Rocky River, OH   44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By:    James D. May
Assistant County Prosecutor
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, OH   44113

EILEEN A. GALLAGHER, J.:

{¶1} Defendant-appellant Gary Doubrava appeals his resentencing in the Cuyahoga Court of Common Pleas following a remand from this court for merger of certain allied offenses. For the following reasons, we affirm.

{¶2} The relevant procedural history was set forth by this court in *State v. Doubrava*, 8th Dist. Cuyahoga No. 91792, 2009-Ohio-2369 (hereinafter "Doubrava I"):

> In July 2007, Doubrava was indicted on 10 counts of felonious assault. In May 2008, a jury trial was held. The trial court dismissed the third count pursuant to a Crim.R. 29 motion, and the jury found him guilty on the remaining counts. In June 2008, the trial court sentenced him to eight years in prison.
>
> This case arose from an incident that took place in the parking lot of Hotties Bar. An individual drove a vehicle through a crowd of people, injuring five. Police located the vehicle 15 minutes after the assault and found David Cotto ("Cotto"), intoxicated, inside. However, based upon eyewitness testimony, the State maintained that Doubrava was the driver of the vehicle at the time of the assault. Doubrava claimed Cotto was the driver.
>
> *Id*. at ¶ 2-3.
>
> * * *
>
> Doubrava was convicted of two counts of felonious assault regarding four of the five victims. For each of the four, he was convicted under R.C. 2903.11(A)(1) for knowingly causing serious physical harm to another and also under R.C. 2903.11(A)(2) for knowingly causing or attempting to cause physical harm to another by means of a deadly weapon.
>
> *Id*. at ¶ 32.

{¶3} In Doubrava I, appellant argued that his convictions were not supported by

sufficient evidence and were against the manifest weight of the evidence, that he received ineffective assistance of counsel and that the trial court erred in convicting and sentencing him on allied offenses of similar import. This court stated the facts from trial as follows:

> Several witnesses testified to the following: during the early morning hours of May 20, 2007, Doubrava and another patron of Hotties were arguing inside the bar. The argument began to "get physical." The two men went outside to the parking lot and most of the other patrons followed. That night, Doubrava was wearing a white shirt and white hat. Witnesses testified that a man in a white shirt and white hat entered a dark-colored car, steered it toward the crowd, and accelerated, striking three people. The driver then drove back through the crowd, striking two more people, before driving away.

*Id*. at ¶ 13.

{¶4} Appellant's assignments of error regarding sufficiency of the evidence, manifest weight and ineffective assistance of counsel were overruled. However, we found that the trial court erred in convicting him of and sentencing him to allied offenses of similar import because appellant was convicted of two separate counts of felonious assault for each of four separate victims. We held that the trial court should have merged the convictions for each of the two offenses involving the same victim. *Id*. at ¶ 40. We remanded the case for the state to elect, for each of the four victims, which of the two felonious assault charges should merge for each victim.

{¶5} On remand, the state elected to merge Count 2 into Count 1, Count 6 into Count 5, Count 8 into Count 7, and Count 10 into Count 9. The trial court sentenced

appellant to a prison term of two years on Count 1, two years on Count 5, two years on Count 7 and two years on Count 9. The prison terms on these counts were ordered to be served consecutively to each other. Appellant was also sentenced to two years on Count 4 to be served concurrently with the other counts for a cumulative prison sentence of eight years. Appellant appeals presenting three assignments of error.

{¶6} In his first assignment of error appellant again argues that the trial court failed to merge allied offenses of similar import. Specifically, appellant argues that his multiple convictions for felonious assault should be further merged into two separate felonious assault convictions based on the fact that he drove a car into a crowd striking three people and then drove back through the crowd striking two more people. We find no merit to appellant's argument.

{¶7} It is well established that res judicata bars the consideration of issues that could have been raised on direct appeal. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 826 N.E.2d 824, ¶ 17. This court has recognized that the issue of whether two offenses constitute allied offenses subject to merger must be raised on direct appeal from a conviction or res judicata will bar a subsequent attempt to raise the issue. *State v. Allen*, 8th Dist. Cuyahoga No. 97552, 2012-Ohio-3364, ¶ 20, citing *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 13; *State v. Flagg*, 8th Dist. Cuyahoga Nos. 95958 and 95986, 2011-Ohio-5386. "[T]he time to challenge a conviction based on allied offenses is through a direct appeal — not at a resentencing

hearing." *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, at ¶ 13.

**{¶8}** In the present instance, the proper avenue for appellant's merger challenge would have been in his earlier appeal. *State v. Phillips*, 8th Dist. Cuyahoga No. 98487, 2013-Ohio-1443, ¶ 6-7. Therefore, we find appellant's first assignment of error to be barred by res judicata.

**{¶9}** Further, even if it were not barred, we find appellant's first assignment of error to be without merit. It is well-settled in this district that when an offense is defined in terms of conduct towards another, then there is dissimilar import for each person affected by the conduct. *State v. Piscura*, 8th Dist. Cuyahoga No. 98712, 2013-Ohio-1793, ¶ 17, citing *State v. Patterson*, 8th Dist. Cuyahoga No. 98127, 2012-Ohio-5511; *State v. Phillips*, 75 Ohio App.3d 785, 790, 600 N.E.2d 825 (2d Dist.1991), citing *State v. Jones*, 18 Ohio St.3d 116, 118, 480 N.E.2d 408 (1985). In other words, where a defendant commits the same offense against different victims during the same course of conduct, a separate animus exists for each victim such that the offenses are not allied, and the defendant can properly be convicted of and sentenced on multiple counts. *State v. Chaney*, 8th Dist. Cuyahoga No. 97872, 2012-Ohio-4933, ¶ 26. In *Chaney*, the defendant drove a minivan into a former boyfriend, striking and seriously injuring him. This court upheld separate convictions for felonious assault of the boyfriend and attempted felonious assault of a separate victim. *Id*. at ¶ 24-28.

**{¶10}** Appellant's first assignment of error is overruled.

{¶11} In his second assignment of error appellant argues that the trial court lacked the statutory authority to impose consecutive sentences under the version of R.C. 2929.41 that was applicable at the time of his resentencing on September 18, 2012. This court has previously noted the typographical error that existed in former R.C. 2929.41 that failed to reflect the H.B. 86 revisions that renumbered former R.C. 2929.14(E)(4) to 2929.14(C)(4).[1] As acknowledged by appellant, we have repeatedly rejected the argument he presently advances, finding that "the [former R.C. 2929.41(A)'s] reference to R.C. 2929.14(E) is a typographical error and that the legislature meant to state R.C. 2929.14(C)(4), which concerns making findings prior to imposing a consecutive sentence." *State v. Simonoski*, 8th Dist. Cuyahoga No. 98496, 2013-Ohio-1031, ¶ 6; *State v. Walker*, 8th Dist. Cuyahoga No. 97648, 2012-Ohio-4274, fn. 2; *State v. Ryan*, 2012-Ohio-5070, 980 N.E.2d 553 (8th Dist.), ¶ 22; *State v. Drobny*, 8th Dist. Cuyahoga No. 98403, 2013-Ohio-818. Despite the obvious typographical error contained in former R.C. 2929.41(A), the trial court had the authority to impose consecutive sentences in this case in accordance with R.C. 2929.14(C).

{¶12} Appellant's second assignment of error is overruled.

{¶13} In his third assignment of error appellant argues that his eight-year prison sentence was contrary to law and an abuse of the trial court's discretion and, specifically,

---

[1]The legislature corrected the typographical error by amendment to R.C. 2929.41(A) effective September 28, 2012.

that the trial court's R.C. 2929.14(C)(4) findings are not clearly and convincingly supported by the record. Appellant also argues that the trial court failed to engage in a proportionality or consistency analysis prior to imposing sentence.

{¶14} This court no longer applies the abuse of discretion standard of *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, when reviewing a felony sentence. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7. Instead, we follow the standard of review set forth in R.C. 2953.08(G)(2), which provides in relevant part:

> The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
>
> (b) That the sentence is otherwise contrary to law.

{¶15} A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease

control and sentences a defendant within the permissible statutory range. *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

**{¶16}** R.C. 2929.14(C)(4) authorizes the court to require an offender to serve multiple prison terms consecutively for convictions on multiple offenses. Consecutive sentences can be imposed if the court finds that (1) a consecutive sentence is necessary to protect the public from future crime or to punish the offender and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two factors, the court must find any of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

**{¶17}** In the present case, the trial court found the first two requirements met

and additionally found R.C. 2929.14(C)(4)(b) satisfied.[2]  Appellant does not dispute

that the trial court made the required findings but instead argues that the trial court's

findings were not supported by clear and convincing evidence.    Appellant misconstrues

the clear and convincing standard used by R.C. 2953.08(G).    We recently stated in *State*

*v. Venes*, 8th Dist. Cuyahoga No. 98682, 2013-Ohio-1891, ¶ 19, that if the trial court has

properly made the required findings in order to impose consecutive sentences, we must

affirm those sentences unless we "clearly and convincingly" find "[t]hat the record does

not support the court's findings[.]" We explained:

> It is * * * important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative. It does not say that the trial judge must have clear and convincing evidence to support its findings. Instead, it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings. In other words, the restriction is on the appellate court, not the trial judge. This is an extremely deferential standard of review.

> *Id*. at ¶ 21.

{¶18}    This court cannot find that the trial court's consecutive sentencing

findings are "clearly and convincingly" unsupported in the record.    Appellant's act of

---

[2]The presentence investigation report further indicates that appellant was "out on bail before trial or sentencing, under felony court sanction, or under post release control, or parole, when [this] offense was committed." The presentence investigation report also indicates that appellant was previously convicted of aggravated vehicular assault in 2002 stemming from a motor vehicle accident that resulted in injuries to himself and a victim.  At the hospital following the accident appellant "tested positive for cocaine and THC (marijuana) as well as benzodiazepines."

driving a vehicle through a crowd of people striking five victims and causing serious injury to four supports the trial court's findings under R.C. 2929.14(C)(4).

{¶19}  Appellant next argues that his sentence is contrary to law because the trial court failed to consider R.C. 2929.11(B)'s mandate that a sentence be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."   Contrary to appellant's argument both the trial court's statements at the sentencing hearing and the sentencing journal entry indicate that the trial court considered all required factors of law including R.C. 2929.11.

{¶20}  Other than asserting that the trial court completely failed to consider proportionality appellant does not advance any specific argument explaining why he feels his sentence is inconsistent with sentences imposed for similar crimes committed by similar offenders.   This court has previously found that in order to support a contention that a sentence is disproportionate to sentences imposed upon other offenders, the defendant must raise this issue before the trial court and present some evidence, however minimal, in order to provide a starting point for analysis and to preserve the issue for appeal.   *State v. Jones*, 8th Dist. Cuyahoga No. 99121, 2013-Ohio-3141, ¶ 17, citing *State v. Edwards*, 8th Dist. Cuyahoga No. 89181, 2007-Ohio-6068; *State v. Lang*, 8th Dist. Cuyahoga No. 92099, 2010-Ohio-433, *discretionary appeal not allowed*, 126 Ohio St.3d 1545, 2010-Ohio-3855, 932 N.E.2d 340.   A review of the record in the instant

case reveals that defense counsel did not raise the issue of proportionality at the sentencing hearing. Nor did he present evidence as to what a "proportionate sentence" might be. Thus, he has not preserved the issue for appeal.

**{¶21}** Appellant's third assignment of error is overruled.

**{¶22}** The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said lower court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. The case is remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

EILEEN A. GALLAGHER, JUDGE

MARY J. BOYLE, P.J., and
KENNETH A. ROCCO, J., CONCUR