[Cite as *State v. Williams*, 2014-Ohio-199.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 98528**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRANCE WILLIAMS

DEFENDANT-APPELLANT

**JUDGMENT:**
APPLICATION DENIED

Cuyahoga County Court of Common Pleas
Case No. CR-543577
Application for Reopening
Motion No. 466336

**RELEASE DATE:** January 17, 2014

-i-

**FOR APPELLANT**

Terrance Williams, pro se
Inmate No. 624-712
Mansfield Correctional Institution
P.O. Box 788
Mansfield, Ohio   44901

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By:    Mary H. McGrath
        Brent C. Kirvel
Assistant County Prosecutors
9th Floor Justice Center
1200 Ontario Street
Cleveland, Ohio   44113

KENNETH A. ROCCO, J.:

**{¶1}** In *State v. Williams*, Cuyahoga C.P. No. CR-543577, the applicant, Terrance Williams, was found guilty of two counts of aggravated murder, kidnapping, discharging a firearm on or near a prohibited premises, carrying a concealed weapon, and having weapons while under a disability. In *State v. Williams*, 8th Dist. Cuyahoga No. 98528, 2013-Ohio-1181, this court affirmed in part, reversed in part, and remanded for a limited resentencing hearing for purposes of addressing the multiple aggravated murder convictions as being allied offenses subject to merger.

**{¶2}** Williams, pro se, has filed with the clerk of this court an application for reopening. He asserts that he was denied the effective assistance of appellate counsel for failure to raise the alleged ineffectiveness of his trial counsel. Specifically, Williams maintains that his trial counsel should have requested jury instructions on the lesser-included offense of involuntary manslaughter and that trial counsel should have retained independent expert witnesses in the areas of trace evidence and DNA analysis. We deny the application for reopening for the reasons that follow. *See* App.R. 26(B)(6).

**{¶3}** Having reviewed the arguments set forth in the application for reopening in light of the record, Williams has failed to meet his burden to demonstrate that "there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." App.R. 26(B)(5).

**{¶4}** In *State v. Spivey*, 84 Ohio St.3d 24, 1998-Ohio-704, 701 N.E.2d 696, the

Supreme Court specified the proof required of an applicant as follows:

> the two-prong analysis found in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, is the appropriate standard to assess a defense request for reopening under App.R. 26(B)(5). [Applicant] must prove that his counsel were deficient for failing to raise the issues he now presents, as well as showing that had he presented those claims on appeal, there was a "reasonable probability" that he would have been successful. Thus [applicant] bears the burden of establishing that there was a "genuine issue" as to whether he has a "colorable claim" of ineffective assistance of counsel on appeal.

*Id.* at 25.

{¶5} Williams has not established his claim for ineffective assistance of appellate counsel for failing to question trial counsel's effectiveness for not requesting an involuntary manslaughter jury instruction. It cannot be established from the record that trial counsel was ineffective for not requesting a jury instruction on the lesser included offense of involuntary manslaughter. The record does not support that instruction and, even if it did, the decision of whether to request a lesser-included offense jury instruction is deemed trial strategy. *State v. Griffie*, 74 Ohio St.3d 332, 333, 658 N.E.2d 764 (1996) ("Failure to request instructions on lesser-included offenses is a matter of trial strategy and does not establish ineffective assistance of counsel"); *State v. Thomas*, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988).

{¶6} "Even though an offense may be statutorily defined as a lesser included offense of another, a charge on such lesser included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." *Thomas*, 40 Ohio St.3d at

paragraph two of the syllabus. "[A]n instruction on the lesser included offense of involuntary manslaughter will be given in a murder trial only when, on the evidence presented, the jury could reasonably find against the state on the element of purposefulness and still find for the state on the defendant's act of killing another." *Id.* at 216.

{¶7} Williams believes that the testimony of the witnesses at trial established the elements of kidnapping but did not prove he had an intent to kill Darden. He maintains this establishes that his trial attorney had no strategic reason for failing to request an involuntary manslaughter instruction.

{¶8} However, several witnesses testified not only that Williams removed Darden from the house at gunpoint, but they also stated that they saw Williams shoot Darden. Some witnesses testified that after Darden fell from the first gunshot, Williams dragged him from the street to the sidewalk and shot him again. Then, Williams sustained a gunshot wound, causing him to fall on top of Darden. Some witnesses did not see what happened but heard gunfire. It was within the province of the jury to ultimately determine whether all, some, or any of the testimony and evidence was credible, however, this record did not support an instruction on involuntary manslaughter. *Thomas*, 40 Ohio St.3d at 217 (finding an involuntary manslaughter instruction was not proper where "under no reasonable view of the evidence, even in a light most favorable to the accused, could the jury have found that Thomas did not purposely intend to cause the death of Newhouse.")

{¶9} Alternatively, it is a recognized trial strategy to forego lesser-included offense

instructions as an election to seek acquittal rather than to invite conviction on a lesser offense. *State v. Clayton,* 62 Ohio St.2d 45, 49, 402 N.E.2d 1189 (1980) (even if trial counsel's strategy is questionable, tactical decisions do not amount to ineffective assistance of counsel); *see also State v. Jones*, 8th Dist. Cuyahoga No. 80737, 2003-Ohio-4397, ¶ 8. Based on the foregoing, appellate counsel was not ineffective for choosing not to pursue an ineffective assistance of counsel claim on this basis. *Jones*, 2003-Ohio-4397, ¶ 8 (finding appellate counsel was not ineffective for not asserting ineffective assistance of trial counsel for not seeking an involuntary manslaughter jury instruction).

{¶10} Next, Williams contends his appellate counsel should have raised the issue of trial counsel's failure to investigate his case. In this regard, Williams refers to the negative gunshot residue test of his hands and clothing and the DNA test results. However, the record reflects that counsel fully developed and challenged this evidence, through cross-examination, at trial.

{¶11} Williams maintains his trial counsel should have hired independent experts in trace evidence and DNA analysis. However, Williams can only speculate that such assistance would have changed the outcome in this case. There is nothing in the record to determine whether any such expert evidence would have been favorable to Williams. Further, the decision of whether to retain an independent expert is trial strategy and does not support a claim for ineffective assistance of trial counsel. *State v. Nicholas*, 66 Ohio St.3d 431, 436, 613 N.E.2d 225 (1993) ("the failure to call an expert and instead rely on

cross-examination does not constitute ineffective assistance of counsel.") Appellate counsel was not ineffective by not raising this meritless claim.

{¶12} Williams also asserts that his appellate counsel was ineffective by not assigning prosecutorial misconduct as an error. Williams essentially contends that the state engaged in the subornation of perjury based on Garrick Dalton's conflicting statements and testimony. Williams suggests that the state gave Dalton a "deal" in exchange for his alleged assistance in securing a conviction against him. Dalton was subject to cross-examination and denied receiving anything in exchange for his testimony. Appellate counsel addressed the conflicts in Dalton's testimony and specifically indicated that his testimony was not reliable in arguing that Williams's convictions should be reversed and vacated. There was no evidence that the state permitted or knowingly elicited perjured testimony from Dalton. Therefore, it was proper for appellate counsel to address and challenge Dalton's credibility through errors alleging that Williams's convictions resulted from insufficient evidence or were against the manifest weight of the evidence.

{¶13} Williams has not met the standard for reopening. Accordingly, the application for reopening is denied.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, A.J., and
LARRY A. JONES, SR., J., CONCUR