[Cite as *State v. Williams*, 2014-Ohio-1239.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100135**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## TERRANCE WILLIAMS

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-543577-A

**BEFORE:** Jones, P.J., S. Gallagher, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** March 27, 2014

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY: Brent C. Kirvel
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant Terrance Williams appeals from his resentencing hearing. We affirm.

## I. Procedural History

{¶2} Williams was convicted in a jury trial of two counts of aggravated murder, and one count each of kidnapping, discharging a firearm on or near a prohibited premises, carrying a concealed weapon, and having weapons while under a disability in the shooting death of Artemis Darden. The trial court sentenced Williams to 33 years-to-life in prison with a mandatory period of 5 years postrelease control.

{¶3} Williams appealed, arguing that his convictions were not supported by sufficient evidence, were against the manifest weight of the evidence, he was denied effective assistance of counsel, and his convictions for aggravated murder should have merged as allied offenses. This court affirmed his convictions and found that he was afforded effective assistance of counsel, but agreed that his convictions for aggravated murder should have merged. Specifically, this court found:

> Because the trial court did not merge the two counts of aggravated murder, we vacate only that portion of the sentence that pertains to the two counts of aggravated murder. We do not vacate the underlying conviction or any other portion of the sentence. On remand, the sentencing hearing is limited to correcting the aforementioned error.

*State v. Williams*, 8th Dist. Cuyahoga No. 98528, 2013-Ohio-1181, ¶ 46, *motion for*

*delayed appeal denied*, 136 Ohio St.3d 1490, 2013-Ohio-4140, 994 N.E.2d 462.

{¶4} Williams filed a pro se motion for reopening of his appeal with this court, arguing appellate counsel was ineffective for failing to argue (1) prosecutorial misconduct and (2) that trial counsel was ineffective because counsel did not request jury instructions on the lesser-included offense of involuntary manslaughter or retain independent expert witnesses. This court denied his motion for reopening in *State v. Williams*, 8th Dist. Cuyahoga No. 98528, 2014-Ohio-199.

{¶5} The trial court held a limited resentencing hearing at which Williams moved for dismissal of all his convictions. The trial court denied his motion. The state indicated that it would object to the trial court considering anything outside the scope of this court's remand for a limited resentencing. The trial court indicated that it would assign appellate counsel to Williams and requested that counsel review the trial in its entirety to identify and raise any potential errors that could have been raised in the first appeal.

{¶6} The state elected to proceed to sentencing on Count 1, aggravated murder. The trial court sentenced Williams to a total sentence of 33 years-to-life in prison.

{¶7} Williams filed a notice of appeal and raises the following assignments of error for our review:

> I. The trial court erred by failing to conduct a hearing as to whether some or all of the counts were allied offenses of similar import and subject to merger.
>
> II. Appellant was deprived of the effective assistance of counsel and due process of law in violation of his federal constitutional rights.

## II.  Law and Analysis

{¶8} In the first assignment of error, Williams argues that the trial court should have held a hearing prior to his resentencing hearing to determine whether his other offenses should have merged as allied offenses.  According to Williams, his other offenses should have all merged into one offense because they were committed with one animus.

{¶9} The doctrine of res judicata bars the consideration of issues that could have been raised on direct appeal.  *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 17.  This court has recognized that the issue of whether two offenses constitute allied offenses  subject to merger must be raised on direct appeal from a conviction or res judicata will bar a subsequent attempt to raise the issue.  *State v. Allen*, 8th Dist. Cuyahoga No. 97552, 2012-Ohio-3364, ¶ 20, citing *State v. Poole*, 8th Dist. Cuyahoga No. 94759, 2011-Ohio-716, ¶ 13; *State v. Flagg*, 8th Dist. Cuyahoga Nos. 95958 and 95986, 2011-Ohio-5386.  "[T]he time to challenge a conviction based on allied offenses is through a direct appeal — not at a resentencing hearing."  *Poole* at *id.*

{¶10} In this case, if Williams had wanted to mount a merger challenge on his kidnapping, discharging a firearm on or near a prohibited premises, carrying a concealed weapon, or having weapons while under a disability convictions, the proper avenue would have been in his direct appeal.  *See State v. Doubrava*, 8th Dist. Cuyahoga No. 99105, 2013-Ohio-3526, ¶ 9, *appeal not allowed*, 137 Ohio St.3d 1425, 2013-Ohio-5285, 998 N.E.2d 1179, citing *State v. Phillips*, 8th Dist. Cuyahoga No. 98487, 2013-Ohio-1443, ¶

6-7.

**{¶11}** Moreover, in *Williams I*, this court expressly stated that on remand, the sentencing hearing was limited to merger of the two aggravated murder counts.

**{¶12}** Likewise, Williams's second assignment of error, in which he argues that his trial counsel was ineffective, is also barred by res judicata. Williams argues that trial counsel was ineffective for failing to object to jury instructions, request lesser included offenses, and object to expert testimony. But these arguments were either raised in his previous appeal, his application for reopening his appeal, or could have been raised on direct appeal. Therefore, they are also barred by res judicata.

**{¶13}** We find Williams's first and second assignments of error to be without merit and they are overruled.

**{¶14}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and

PATRICIA ANN BLACKMON, J., CONCUR